IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FREESEN, INC., a Nevada corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-3318 |
| BOART LONGYEAR COMPANY, a Utah corporation, and DIAMOND PRODUCTS LIMITED, an Ohio Limited Liability Company, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Boart Longyear Company's Motion to Dismiss Plaintiff Freesen, Inc.'s Complaint (d/e 10), Defendant Diamond Products Limited's Motion to Dismiss Count IV of Plaintiff's Complaint (d/e 19), and Plaintiff Freesen, Inc.'s Motion for Leave to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (d/e 20) (Motion to Amend). The instant case arises out of Freesen's purchase of a Highway Grinder. Freesen's four-count Complaint alleges breach of contract (Count I), breach of express warranty (Count II),

1

breach of implied warranty of merchantability (Count III), and breach of implied warranty of fitness for particular purpose (Count IV) claims against both Defendants arising out of the Grinder purchase. Notice of Removal (d/e 1), Ex. 1, Complaint. Defendant Boart moves to dismiss Freesen's claims against it for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Defendant Diamond asserts that Count IV fails to state a claim. Because Diamond has filed an Answer, the correct vehicle for its Motion is Federal Rule of Civil Procedure 12(c). For the reasons set forth below, Boart's Motion to Dismiss is ALLOWED, in part, and Freesen's Motion to Amend is ALLOWED, in part. The Court reserves ruling on Diamond's Motion to Dismiss Count IV.

The Court turns first to Boart's Motion to Dismiss. Boart asserts that Freesen's claims should be dismissed because the Complaint fails to allege notice, an element essential to all counts. In ruling on the Motion to Dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). The federal notice-pleading system requires that a complaint contain a "short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified that "[w]hile a complaint

2

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). Twombly did not signal a switch to fact-pleading in the federal courts, however. Soon after Twombly's release, the Court reiterated that under Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson, 127 S.Ct. at 2200 (quoting Twombly, 127 S.Ct. at 1964).

All four counts of Freesen's Complaint arise under the Illinois Uniform Commercial Code (Illinois UCC). See 810 ILCS 5/1-101, et seq. As both Freesen and Boart recognize, § 2-607(3)(a) imposes a requirement on a buyer who has accepted tender to notify the seller of breach or be barred from any remedy. The parties further agree that direct notice is not required when the seller has actual knowledge of the problem. See Connick v. Suzuki Motor Co., Ltd., 675 N.E.2d 584, 589 (1996). The Complaint does not allege either notice or actual knowledge with respect to Defendant

3

Boart.  In response to the Motion to Dismiss, Freesen asserts that compelling evidence exists that Boart had actual knowledge, such that § 2-607(3)(a) notice would be excused.  <u>Freesen's Response in Opposition to Boart Longyear Company's Motion to Dismiss with Prejudice (d/e 11) (Freesen's Response)</u>, p. 4 & Ex. A, B, & C.  The exhibits cited by Freesen, however, are both inadmissible and outside the pleadings; thus, they are inappropriate for the Court to consider at the motion to dismiss stage.  The Court finds that Freesen's Complaint is deficient as to all four counts in that it fails to give Defendant Boart fair notice of the grounds upon which its claims rest.  If Freesen is proceeding under the theory that notice under § 2-607(3)(a) is excused based on the fact that Boart had actual knowledge of the defects, it should so allege.  Boart's request for dismissal for failure to state a claim is allowed.

Boart seeks dismissal with prejudice; however, the Court does not deem such relief to be appropriate under the circumstances of the instant case.  Thus, Boart's Motion to Dismiss is allowed, in part.  Freesen's claims against Boart are dismissed without prejudice.  Freesen, in its Response, asks the Court for leave to replead its claims against Boart under Federal Rule of Civil Procedure 15.  Such leave should be freely granted when justice so

requires. Fed. R. Civ. P. 15(a)(2). The instant case was removed from state court, and Freesen has not previously amended its Complaint. Therefore, Freesen's request to replead its claims against Boart is allowed.

The Court turns next to Diamond's Motion to Dismiss Count IV and Freesen's Motion to Amend which was filed in response. Freesen asks the Court for leave to file an amended complaint that omits Count IV. The Motion to Amend represents that Diamond has no objection to the filing of an amended compliant which withdraws Count IV. As the Court has previously noted, leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court believes that amendment is appropriate under the circumstances of the instant case. Freesen has provided the Court with its proposed amended complaint, which omits Count IV. Motion to Amend, Ex. A. The proposed amended complaint, however, does not rectify the deficiencies noted above in connection with Boart's Motion to Dismiss. Moreover, as Freesen recognizes, while the proffered amended complaint references exhibits, it does not attach any. Because the Court is allowing Freesen to replead in an attempt to cure the deficiencies identified by Boart, the Court will not file the amended complaint that Freesen has proffered. Rather, Freesen is granted leave to

file an amended complaint on or before June 11, 2008, complete with any exhibits. The Court will reserve ruling on Diamond's Motion to Dismiss Count IV until after that date.

THEREFORE, Defendant Boart's Motion to Dismiss Plaintiff Freesen, Inc.'s Complaint (d/e 10) is ALLOWED, in part. Freesen's claims against Boart are dismissed without prejudice. Freesen's Motion for Leave to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (d/e 20) is also ALLOWED, in part. The Court rejects Freesen's proffered amended complaint, but grants Freesen leave to file an amended complaint on or before June 11, 2008. The Court reserves ruling on Defendant Diamond's Motion to Dismiss Count IV of Plaintiff's Complaint (d/e 19).

IT IS THEREFORE SO ORDERED.

ENTER:   May 28, 2008

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE