## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FREESEN, INC., a Nevada corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  07-3318 |
| BOART LONGYEAR COMPANY, a Utah corporation, and DIAMOND PRODUCTS LIMITED, an Ohio Limited Liability Company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Boart Longyear Company's Motion to Dismiss Plaintiff Freesen, Inc.'s Amended Complaint (d/e 23) and Boart Longyear Company's Motion to Dismiss Defendant Diamond Products Limited's Second Amended Crossclaim (d/e 28).  The instant case arises out of Freesen's purchase of a highway grinder.  Freesen's three-count Amended Complaint (d/e 22) alleges breach of contract (Count I), breach of express warranty (Count II), and breach of the implied warranty of merchantability (Count III) claims against both Defendants

1

arising out of the Grinder purchase.  Defendant Diamond filed an Answer and Affirmative Defenses to Amended Complaint and Second Amended Crossclaim against Defendant Boart Longyear Company (d/e 24), alleging two breach of contact claims, a claim for contractual indemnity, and a breach of implied warranty of merchantability claim against Boart. Defendant Boart moves to dismiss Freesen's claims against it for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  Boart also asks the Court to dismiss Diamond's cross-claims for failure to state a claim.  Id.  For the reasons set forth below, Boart's Motions are denied.

## BACKGROUND

In ruling on a motion to dismiss, the Court must accept as true all of the factual allegations contained in a claim for relief and draw all reasonable inferences in favor of the nonmoving party.  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); United States v. Castle Construction Corp., 2002 WL 31163668, *3 (N.D. Ill. Sept. 30, 2002) (applying standard to crossclaims). The following facts are taken from the allegations of Freesen's Amended Complaint.  On February 2, 2005, Freesen and Boart entered into an agreement for Freesen's purchase of a highway grinder from Boart for a net price of $553,000.00 with delivery on August 15, 2005, or sooner.  During

negotiations, Boart Sales Representative Reb Silay represented to Freesen that the new grinder would increase productivity by at least twenty percent over the grinder previously used by Freesen.  Freesen made a down payment of $55,300.00 to Boart.

On or about April 29, 2005, Boart sold its grinding division to Diamond.  Freesen received a final invoice dated July 25, 2005, for the grinder from Diamond.  Amended Complaint, Ex. C.  Freesen paid the balance due prior to the grinder being delivered to Freesen's Joplin, Missouri, field office on July 30, 2005.  Shortly after delivery, Freesen began experiencing a number of mechanical problems with the grinder.  Freesen notified Diamond of these defects, and Diamond agreed to repair the grinder to a functional level for temporary use and to manufacture a new grinder for delivery to Freesen.  Freesen alleges that Boart possessed actual knowledge of the defects in the grinder as a result of communications with representatives of Diamond, its insurer, and/or Freesen.

Freesen received the repaired grinder on March 6, 2006, to use pending manufacture and delivery of a new grinder.  Freesen continued to experience defective performance and slowed production levels with the repaired grinder.  On September 18, 2006, Diamond delivered a new

3

grinder to Freesen as a replacement for the defective grinder.

The following facts are taken from the allegations of Diamond's Answer and Affirmative Defenses to Amended Complaint and Second Amended Crossclaim. On April 29, 2005, Diamond entered into an Asset Purchase Agreement with Boart.[1]  One of the assets that Diamond purchased from Boart was the Boart-Freesen Purchase Agreement for the grinder sale. Diamond also purchased Boart's entire inventory of its Product Line Business, including work-in-process. Nevertheless, Boart continued to manufacture the Freesen grinder and, upon completion, delivered it to Freesen in Joplin, Missouri. At no time between manufacture and delivery did Diamond take possession of, or exercise control over, the Freesen grinder. After Diamond learned of Freesen's claims that the grinder was defective, Diamond, Diamond's insurance carrier, and/or representatives of the insurance carrier notified Boart of Freesen's claims. According to Diamond, Boart is contractually obligated to indemnify it on Freesen's claims under the terms of the Boart-Diamond Asset Purchase Agreement.

---

[1]The Court notes that Diamond asserts that it has included the Boart-Diamond Purchase Agreement as Exhibit A to its Amended Crossclaim. However, Exhibit A to the Amended Crossclaim is another copy of the Boart-Freesen Purchase Agreement for the sale of the grinder at issue.

Diamond asserts that it demanded indemnification on or about October 30, 2007.

Freesen initially filed this case in state court, and the matter was subsequently removed to this Court. Notice of Removal (d/e 1), Ex. 1, Complaint. Boart filed a Motion to Dismiss, which this Court allowed, in part. Opinion (d/e 21), dated May 28, 2008 (May 28th Opinion). The Court, however, granted Freesen's request for leave to file an amended complaint in an attempt to cure the deficiencies identified by Boart. Freesen has done so. Freesen's Amended Complaint alleges breach of contract (Count I), breach of express warranty (Count II), and breach of the implied warranty of merchantability (Count III) claims against both Defendants. Diamond then filed its Answer and Affirmative Defenses to Amended Complaint and Second Amended Crossclaim against Defendant Boart Longyear Company. Diamond alleges crossclaims against Boart for breach of contract for sale of the grinder (Count 1), breach of the Boart-Diamond Agreement (Count 2), contractual indemnification (Count 3), and breach of implied warranty of merchantability (Count 4). Boart seeks dismissal of all of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Boart asserts that Freesen's Amended Complaint fails

to adequately allege knowledge.  Additionally, Boart contends that Diamond's Counts 1 and 4 fail to adequately allege timely notice and that Diamond's Counts 2 and 3 should be dismissed based on Diamond's failure to give prompt written notice of its demand for indemnification.

<u>ANALYSIS</u>

The federal notice-pleading system requires that a complaint contain a "short and plain statement of the claim . . . ."  <u>Fed. R. Civ. P.</u> 8(a)(2).  The Supreme Court has recently clarified that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  <u>Twombly</u> did not signal a switch to fact-pleading in the federal courts, however.  Soon after <u>Twombly</u>'s release, the Court reiterated that under Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  <u>Erickson</u>, 127 S.Ct. at 2200 (<u>quoting</u> <u>Twombly</u>, 127 S.Ct. at 1964).  With these principles in mind, the Court turns its attention to the pending

Motions to Dismiss.

A.    FREESEN'S AMENDED COMPLAINT

All three counts of Freesen's Amended Complaint arise under the Illinois Uniform Commercial Code (Illinois UCC).  See 810 ILCS 5/1-101, et seq.  As the Court noted in its May 28, 2008 Opinion, § 2-607(3)(a) of the Illinois UCC imposes a requirement on a buyer who has accepted tender to notify the seller of breach or be barred from any remedy.  See Opinion, dated May 28, 2008, p. 3.  However, direct notice is not required when the seller has actual knowledge of the problem.  See id. (citing Connick v. Suzuki Motor Co., Ltd., 675 N.E.2d 584, 589 (1996)).  In the May 28, 2008 Opinion, the Court determined that Freesen's original Complaint failed to provide Boart fair notice of the grounds upon which it rested because it did not allege either notice or actual knowledge.[2]

Boart seeks dismissal of Freesen's amended claims, asserting that Freesen fails to adequately allege that it provided direct notice to Boart or that Boart had actual knowledge of the alleged defects.  Freesen responds

---

[2]Boart's Motion to Dismiss Freesen's Amended Complaint mischaracterizes the May 28, 2008 Opinion.  The Court's ruling was limited to the sufficiency of the allegations of Freesen's Complaint and did not reach or reject Freesen's contention that Boart had actual knowledge of any defects.

that ¶ 12 of the Amended Complaint provides sufficient notice on the issue to withstand a motion to dismiss.  The Court agrees.  Paragraph 12 alleges as follows: "Upon information and belief, Boart possessed actual knowledge of the defects in the Grinder as a result of communications with representatives of Diamond, its insurer and/or Freesen."  Amended Complaint, ¶ 12.  Paragraph 12 then cites to Exhibits E, F, and G to the Amended Complaint using "see" and "see also" signals.  Id.  These exhibits are e-mails, none of which were sent from or to Boart.  Thus, as Boart correctly points out, none of the e-mails directly support the allegations set out in ¶ 12.  It would appear that Freesen also recognizes this, given its choice of signals in citing to the exhibits.  This is not a case, however, where the exhibits contradict the allegations of the Amended Complaint or reveal information that prohibits recovery as a matter of law.  See, e.g., Banco del Estado v. Navistar Intern. Transp. Corp., 942 F.Supp. 1176, 1179 (N.D. Ill. 1996).  The express language of ¶ 12 is sufficient to give Boart fair notice that Freesen is proceeding under the theory that Boart had actual knowledge, which is sufficient to support Freesen's claims.  The question of the sufficiency of evidence Freesen has to support this allegation is not appropriate at this stage of the proceedings.  Freesen has satisfied the

requirements of the federal notice-pleading system, and Boart's request to dismiss Freesen's Amended Complaint is denied

    B.    <u>DIAMOND'S CROSSCLAINS</u>

Diamond alleges crossclaims against Boart for breach of contract for sale of the grinder (Count 1), breach of the Boart-Diamond Agreement (Count 2), contractual indemnification (Count 3), and breach of implied warranty of merchantability (Count 4).  Boart contends that Diamond's UCC claims, Counts 1 and 4, fail to adequately allege that Boart received timely notice as required under § 2-607(3)(a) of the Illinois UCC. Paragraph 27 of Diamond's Crossclaim expressly alleges as follows: "After Diamond learned of Freesen's claims that the Grinder was defective, Diamond and/or its insurance carrier and/or its insurance carrier's representatives notified Boart of Freesen's claim." <u>Answer and Affirmative Defenses to Amended Complaint and Second Amended Crossclaim</u>, p. 10. Boart first asserts that Diamond's Counts 1 and 4 should be dismissed because Diamond fails to allege when Boart was notified.  Such fact pleading, however, is not required in the federal system.  Taking the allegations of the Second Amended Crossclaim as a whole, it is clear that Diamond is proceeding under the theory that Boart was given notice of the

alleged defects by Diamond or its insurance carrier.   This satisfies the requirements of the federal notice-pleading system.

Boart further asserts that ¶ 27 of Diamond's Crossclaim inherently contradicts Diamond's answer to ¶ 12 of Freesen's Amended Complaint.  As set forth above, ¶ 12 of Freesen's Amended Complaint alleges as follows: "Upon information and belief, Boart possessed actual knowledge of the defects in the Grinder as a result of communications with representatives of Diamond, its insurer and/or Freesen."   Amended Complaint, ¶ 12. Diamond answered ¶ 12 as follows: "Diamond lacks sufficient knowledge and information as to Boart's knowledge about the condition of the Grinder, but admits that Exhibits E, F and G appear to reflect that Boart was notified of plaintiff's claim."   Answer and Affirmative Defenses to Amended Complaint and Second Amended Crossclaim, p. 3.   Boart's argument ignores the distinction between Freesen's actual knowledge approach and Diamond's notice approach, both of which are viable theories under the Illinois UCC.  Diamond's assertion that it lacks information as to Boart's actual knowledge is not inherently inconsistent with Diamond's allegation that it, or its insurance carrier, provided Boart with notice of the alleged defects such that dismissal of Counts 1 and 4 would be appropriate.  Boart's

request to dismiss Diamond's Counts 1 and 4 is denied.

Finally, Boart argues that Diamond's Counts 2 and 3 should be dismissed based on Diamond's failure to give prompt written notice of its demand for indemnification. Diamond's Counts 2 and 3 arise out of the Boart-Diamond Purchase Agreement. Paragraph 22 of Diamond's Crossclaim expressly alleges as follows: "Diamond has performed all conditions required of it under the Diamond-Boart Agreement." Answer and Affirmative Defenses to Amended Complaint and Second Amended Crossclaim, p. 9. Boart asserts that this allegation is "incorrect" in that Diamond failed to give prompt written notice to Boart as required under § 10.4 of the Boart-Diamond Agreement. Boart Longyear Company's Motion to Dismiss Defendant Diamond Products Limited's Second Amended Crossclaim, p. 9. According to Boart, the representations in Diamond's Answer together with the allegations of Diamond's Crossclaim reveal that Diamond did not make a written demand for indemnification to Boart until twenty-one months after learning of Freesen's claims. This conclusion, however, requires the Court to draw inferences in favor of Boart, which the Court may not do at this stage of the proceedings. Reading the allegations of the Crossclaim as a whole and drawing reasonable inferences in favor of

Diamond, the Court finds that Diamond sufficiently alleges that it performed all of the conditions required of it under the Boart-Diamond Agreement, including those contained in § 10.4 of the Boart-Diamond Agreement.  Boart's request to dismiss Diamond's Counts 2 and 3 is denied.

THEREFORE, Defendant Boart Longyear Company's Motion to Dismiss Plaintiff Freesen, Inc.'s Amended Complaint (d/e 23) and Boart Longyear Company's Motion to Dismiss Defendant Diamond Products Limited's Second Amended Crossclaim (d/e 28) are DENIED.  The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   October 7, 2008

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE