IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED CONTRACTORS MIDWEST, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-3318 |
| BOART LONGYEAR COMPANY, a Utah corporation, and DIAMOND PRODUCTS LIMITED, an Ohio Limited Liability Company, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This case was removed to this Court on November 29, 2007. Defendants filed Affidavits (d/e 5, 7) establishing that this Court had original jurisdiction over this action by reason of complete diversity of citizenship of the parties pursuant to 28 U.S.C. §1332. Then-Plaintiff Freesen, Inc. was a Nevada corporation with its principal place of business in Illinois; this citizenship made Freesen diverse from both Defendants. On January 20, 2010, United Contractors Midwest, Inc. (UCM), a Delaware

1

corporation, was substituted for Freesen as Plaintiff herein.  See Text Order, dated January 20, 2010.  Defendant Diamond Products Limited, an Ohio limited liability company, is also a citizen of Delaware because it has as a member TGDP Holdings, Inc., a Delaware corporation with a principal place of business in Austria.  Reply by Diamond Products Limited regarding Order of Court dated December 3, 2007 (d/e 5), Ex. A.  For diversity purposes, a limited liability company is a citizen of every state of which its members are citizens.  Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006).

As a result of the substitution of parties, this Court ordered briefing on the issue of continued diversity jurisdiction.  Text Order, dated February 12, 2010.  The briefing is now complete.  See Plaintiff's Brief in Response to February 12, 2010 Order Regarding Diversity Jurisdiction (d/e 104); Defendant Diamond Products Limited's Memorandum Regarding Diversity Jurisdiction Pursuant to the Court's February 12, 2010, Order (d/e 105); Boart Longyear Company's Brief in Support of Continued Subject Matter Jurisdiction (d/e 106).  Based on the record as a whole, the Court is satisfied that it has continued subject matter jurisdiction over this action.

At the time of removal, Freesen was a subsidiary of UCM.[1] On December 29, 2009, Freesen moved to substitute UCM as Plaintiff in this matter, representing that, as of December 31, 2009, Freesen would be merged into UCM. Motion to Substitute Party (d/e 100). The record establishes that complete diversity existed at the time of removal through January 20, 2010.

"[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (citing cases). An exception to this rule exists in cases in which the new non-diverse party was an "indispensable" party at the time of removal. Costain Coal Holdings, Inc. v. Resource Inv. Corp., 15 F.3d 733, 734 (7th Cir. 1994). In the instant case, no party claims that UCM was indispensable, and it is clear from the record that UCM was not an "indispensable" party at the time this federal proceeding commenced. See

---

[1]The citizenship of a parent company is not generally attributed to a wholly-owned subsidiary, for diversity of citizenship purposes, absent a showing that the subsidiary is merely an "alter ego" of the parent. CIGNA HealthCare of St. Louis, Inc. v. Kaiser, 181 F.Supp.2d 914, n.8 (N.D. Ill. 2002). The record establishes that, prior to the merger, Freesen and UCM were distinct entities. There is nothing to suggest that, prior to the merger, Freesen was merely an alter ego of UCM, such that UCM's citizenship would be attributable to Freesen.

Fed. R. Civ. P. 19; see also Grinnell Mut. Reinsurance Co. v. Ferando, 2009 WL 4021351, *3 (C.D. Ill. Nov. 17, 2009) (noting that the following factors must be considered in making an initial Rule 19 inquiry: "(1) whether full relief can be granted in the party's absence; (2) whether the party's ability to protect its interests will be adversely effected; and (3) whether 'the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations' in the party's absence.").

THEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. The Court will proceed to rule on the pending motions.

IT IS THEREFORE SO ORDERED.

ENTER: March 18, 2010

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE